## Breisch Estate

*Thomas J. Timoney,* for petitioner.
*Edward J. Hardiman,* for respondent.

TAXIS, P. J., June 23, 1970.—This matter comes before the court upon petition of a coexecutor under section 546 of the Fiduciaries Act for leave to purchase real estate belonging to the estate and under section 519 of the Fiduciaries Act to compel a dissenting personal representative to join a majority decision.

An answer was filed by the dissenting coexecutor, George F. Breisch, Jr., which denies that the codicil is a valid codicil; that the appraisal is ineffective and not binding on the estate because it does not represent a "fair and just value and that the language in the codicil is precatory and not mandatory."

After hearing and arguments and the submission of briefs, the matter is now ripe for decision.

George F. Breisch died on June 13, 1969, leaving a holographic will dated June 12, 1965. Jean Alderfer, Marjorie H. Fuehrer and George F. Breisch, Jr., were named coexecutors and letters testamentary granted.

The holographic writing provides, in parts pertinent, as follows:

"I give Jean Alderfer first chance to buy any and all of the three properties at appraiser's figures (by Sandford Alderfer, Auctioneer), for taking care of the house and me."

It is conceded that included among the assets of the decedent are the premises now in question, namely, Colony Road, Kingwood Township, Hunterdon County, N. J.

Sanford Alderfer, the designated appraiser, submitted an appraisal of $7,500 for the New Jersey property and Jean Alderfer, by an appropriate writing, has exercised her option indicating her desire to purchase the real estate in New Jersey at the appraised figure of $7,500.

At the time of hearing, George F. Breisch, Jr., the

respondent, testified to appraisals by two other real estate appraisers and also testified concerning a list of sales in the area indicating that $7,500 is not a fair and just value; that the fair and just value is $16,900. The estate objected to the testimony and a ruling was reserved by the court. The objection is sustained. The court concludes that the evidence submitted by respondent is not only hearsay and inadmissible for that reason, but also irrelevant in light of the language used by this decedent. The testimony, therefore, is stricken from the record. Under the rule in Meyers Estate, 416 Pa. 516, evidence merely that a difference of opinion exists as to the value of the subject property is of no moment, as long as the appraiser selected by testator has fixed a price as directed in the will.

It is clear to the court that this decedent bargained for and obtained an appraisal by Sanford Alderfer and that there is no indication in the testamentary writing that a fair and just value is required, nor is such implied as argued by respondent. On the contrary, a reading of the full codicil indicates from the language "for taking care of the house and me" that a benefaction to Jean Alderfer for her kindnesses is expressly disclosed. In addition, the words "chance to buy" is obviously an option and a most appropriate way to express such an option in a holographic will.

The court concludes, therefore, that the request of petitioner, Jean Alderfer, is meritorious and the court, therefore, grants the prayer of the petition and directs that the real estate, Colony Road property, be deeded to Jean Alderfer or to Jean Alderfer and her husband, as she may request, and that George F. Breisch, Jr., is directed to join in such deed as coexecutor and, failing the same, the deed of the coexecutor, Marjorie H. Fuehrer, as grantor, be sufficient.